JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-00631-SGL(JWJx)                                           Date:  April 1, 2009

Title:    U.S. BANK NATIONAL ASSOCIATION -v- FELIPA OLVERA, ET AL.
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Cindy Sasse                                                   None Present
        Courtroom Deputy                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                       None present

PROCEEDINGS:     ORDER SUMMARILY REMANDING MATTER TO STATE COURT

     The Court has received and reviewed defendant's March 31, 2009, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in San Bernardino County Superior Court.  In the notice, defendant argues that this Court has subject matter jurisdiction over the unlawful detainer action because there is "complete diversity" and defendant "believes that the amount in controversy exceeds $75,000."  The complaint filed by plaintiff tells a different story.  The complaint specifically concedes that the amount "demanded" is "does not exceed $10,000."  This specific averment of what plaintiff seeks by way of damages defeats any suggestion that the amount in controversy exceeds $75,000.

     In the notice defendant also asserts that the Court has federal question jurisdiction because of his "discovery request and demands for '**THE ORIGINAL BLUE INKED PROMISSORY NOTE**."  However, for the Court to have federal question subject matter jurisdiction over a case, a cause of action in the complaint (not a discovery request or a defense to the claims in the complaint) must arise under the laws of the United States.  See <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) ("a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"); <u>see</u> <u>also</u> <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 12 (1983).

MINUTES FORM 90                                                    Initials of Deputy Clerk __cls_____
CIVIL -- GEN                                          1

ED CV 09-00631-SGL(JWJx)
U.S. BANK NATIONAL ASSOCIATION v FELIPA OLVERA, ET AL.
MINUTE ORDER of April 1, 2009

    Given that none of the asserted basis for this Court to have subject matter jurisdiction over this matter exists, the matter is summarily **REMANDED** to state court.

    IT IS SO ORDERED.